# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FELIZ MARTEZ,**

          **Plaintiff,**

-vs-                                                 **Case No. 6:11-cv-691-Orl-31DAB**

**INCHARGE INSTITUTE OF AMERICA, INC., INCHARGE EDUCATION FOUNDATION, INC., INCHARGE DEBT SOLUTIONS, INC., WILLIAM R. MALSEED, JODI L. MCGREGOR, CHRIS MINI,**

          **Defendants.**

## ORDER

This cause comes before the Court on a Motion to Strike (Doc. 21) filed by Defendants; and a Response (Doc. 22) filed by Bankruptcy Trustee Leigh Richard Meininger, on behalf of the estate of Feliz Martez (the "Trustee").

Martez filed this FMLA suit (Family and Medical Leave Act, 29 U.S.C. 2611, *et seq*.) on April 26, 2011. Unbeknownst to Defendant (and apparently to Plaintiff's counsel), Martez had filed for bankruptcy nearly seven months earlier on September 16, 2010; his debts were discharged on April 12, 2011. Defendants, and Plaintiff's counsel, first learned of Martez's bankruptcy in August 2011. With news of this previously undisclosed asset (the FMLA claim), the bankruptcy case was reopened and Meninger was appointed as Bankruptcy Trustee. On March 3, 2012, the Trustee filed a "Notice of Filing Acknowledgment and Ratification of Real Party-in-Interest," (Doc. 20), and on March 6, 2012, Defendants filed the instant Motion to Strike. (Doc. 21).

It is undisputed that the Trustee became the real party-in-interest in this suit on the date Martez filed his bankruptcy proceeding. Although the parties spend significant time arguing the merits of the pending Motion for Summary Judgment, the question presented here is simple: whether the Trustee can join in this action merely by filing a notice of ratification, or whether he must file a motion to substitute pursuant to Rule 25(c). Ratification is a means by which a party-in-interest can consent to be bound by a judgment. *Arabian Am. Oil Co. v. Scarfone*,, 939 F.2d 1472, 1477–1478 (11th Cir. 1991); *see also Durabla Mfg. Co. v. Goodyear Tire & Rubber Co.*, 124 Fed. Appx. 732 (3d Cir. 2005).  However, where a party-in-interest has *exclusive* standing to assert a claim, substitution is required. *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292 (11th Cir. 2003) (citing *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 306 (5th Cir. 2001)).

In this case, the Trustee has become the real party-in-interest and has exclusive standing to maintain this suit. *See id*. As such, he cannot join in this action merely by filing a notice of ratification.[1] Accordingly, it is **ORDERED** that Defendants' Motion to Strike (Doc. 21) is **GRANTED**. The Notice of Ratification (Doc. 20) is **STRICKEN**. Bankruptcy Trustee Leigh Richard Meininger may file an appropriate motion by no later than April 6, 2012.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 23, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to construe the Notice as a motion for substitution.