UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FELIZ MARTEZ,**

        **Plaintiff,**

-vs-                                                Case No. 6:11-cv-691-Orl-31DAB

**INCHARGE INSTITUTE OF AMERICA, INC., INCHARGE EDUCATION FOUNDATION, INC., INCHARGE DEBT SOLUTIONS, INC., WILLIAM R. MALSEED, JODI L. MCGREGOR, CHRIS MINI,**

        **Defendants.**

## ORDER

This cause comes before the Court without oral argument on a Motion for Summary Judgment (Doc. 18) filed by Defendants. Plaintiff has not responded.

Plaintiff filed this single count FMLA suit (Family and Medical Leave Act, 29 U.S.C. 2611, *et seq*.) on April 26, 2011. However, as the Court noted in a prior Order (Doc. 29), the real party in interest in this case is the Bankruptcy Trustee because the FMLA claim became a part of the bankruptcy estate when Feliz Martez's debts were discharged on April 12, 2011. The Trustee filed a "ratification of real party in interest" on March 2, 2012 which was later stricken by the Court as procedurally improper. In its Order, the Court instructed the Trustee to file an appropriate motion by no later than April 6, 2012–he has not done so. Defendants now move to dismiss the claim for lack of standing.

Plaintiffs bringing employment discrimination claims lose standing to pursue those claims based upon nondisclosure of the lawsuit during bankruptcy proceedings. *Alvarez v. Royal Atlantic Developers, Inc.*, No. 07-21333-CIV, 2011 WL 7417023 (S.D. Fla. Dec. 1, 2011). Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. *Parker v. Wendy's Intn'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003)). Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 541(a)(1) (providing that the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case"). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. *Barger*, 348 F.3d at 1292. Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate. 11 U.S.C. § 323; *Barger*, 348 F.3d at 1292.

The instant FMLA claim arose prior to Martez's bankruptcy petition, and it was not initially disclosed to the bankruptcy court. Martez has not appeared in this case since responding to the related case order on May 6, 2011. The Bankruptcy Trustee attended mediation in his place in March 2012 and admits in the notice of ratification that he is the real party in interest. Therefore, it is

**ORDERED** that Plaintiff's claim is **DISMISSED** for lack of standing. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 30, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE